**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **LENON JOHNSON, JR.** | **CIVIL CASE NO. 24-1036** |
| **VERSUS** | **JUDGE EDWARDS** |
| **COTTONPORT BANK, ET AL** | **MAG. JUDGE PEREZ-MONTES** |

# MEMORANDUM RULING AND ORDER

Before the Court are four motions. Latisha Benjamin ("Benjamin") filed a Motion to Dismiss pursuant to Rule 12(b)(6) (R. Doc. 19). Next, Cottonport Bank, Spencer Guilbeau ("Guilbeau"), Rana Hayes ("Hayes"), and A.J. Roy, III ("Roy") (collectively, the "Cottonport Bank Defendants") filed a Motion to Dismiss pursuant to Rule 12(b)(6) (R. Doc. 22). Then, Charles Riddle, III ("DA Riddle") and the Avoyelles Parish Police Jury (the "Police Jury") (collectively, the "Government Defendants") filed a Motion to Dismiss pursuant to Rule 12(b)(6) (R. Doc. 25). Finally, Benjamin filed a Motion to Join the Government Defendants' Motion to Dismiss (R. Doc. 30). Lenon Johnson, Jr. ("Plaintiff") opposed the Cottonport Bank Defendants' Motion, *see* R. Doc. 29 and Benjamin's Motion to Join, *see* R. Doc. 34. Otherwise, the time for filing replies has run, and accordingly, the motions are ripe. *See* R. Docs. 20, 23, 26 & 31.

After careful consideration of the parties' memoranda and the applicable law, Benjamin's Motion to Dismiss is **GRANTED**, Benjamin's Motion to Join the Government Defendants' Motion to Dismiss is **DENIED**, Cottonport Bank

Defendants' Motion to Dismiss is **GRANTED**, and the Government Defendants' Motion to Dismiss is **GRANTED**.

## I. BACKGROUND[1]

This case arises out of the alleged embezzlement scheme carried out against Plaintiff by the Cottonport Bank Defendants and Benjamin. In 2014, Plaintiff opened a business account (the "Account") at Cottonport Bank, from which only he was allowed to make withdrawals. *See* R. Doc. 1 at 10. Guilbeau, the Vice President at Cottonport Bank, opened the Account for Plaintiff. *See id*. However, according to Plaintiff, shortly after creating the Account, the scheme was hatched, and the embezzlement began. *See id*. Plaintiff alleges that from 2014–2022, Guilbeau and Hayes, a bank teller, "exploited their positions of trust at Cottonport Bank to embezzle funds" from the Account. *See id*. They did this, Plaintiff says, with the outside help of Benjamin, Plaintiff's former secretary. *See id*. After splitting the cut three ways, Plaintiff claims that they "lived [and] partied off of Plaintiff's hard earn[ed] money." *See id*. at 11. According to Plaintiff, Guilbeau, Hayes, and Benjamin embezzled more than $400,000 from his Account. *See id*.

Since he unearthed the alleged embezzlement scheme, Plaintiff has tried to press criminal charges on the Cottonport Bank Defendants and Benjamin, but his attempts have been unsuccessful because, according to Plaintiff, the Cottonport Police Chief, Jennifer Chevert, is "best friends with" Benjamin and Hayes. *See id*.

[1] The factual background below comes "from the operative [...] complaint because, at this stage, we accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff…." *Nevarez v. Dorris*, 135 F.4th 269, 271 n.1 (5th Cir. 2025) (citation modified).

However, DA Riddle finally took the case before a grand jury in 2024. *See id*. But Plaintiff claims that DA Riddle held back evidence and allowed Guilbeau to give false statements to the grand jury. *See id*. The grand jury returned a No True Bill, and no charges were brought otherwise. *See id*.

On October 13, 2022, Plaintiff filed suit against the Cottonport Bank Defendants in the 12th Judicial District Court, Avoyelles Parish, Louisiana (the "12th JDC"). *See* R. Doc. 22-4. The 12th JDC entered summary judgment in favor of the Cottonport Bank Defendants on May 19, 2023, *see* R. Doc. 22-5, and Plaintiff filed a notice of intent to apply for appeal with the Louisiana Third Circuit Court of Appeal. *See* R. Doc. 22-6. However, on May 5, 2025, Plaintiff moved to voluntarily dismiss the appeal, *see* R. Doc. 22-7, which the Third Circuit granted on June 17, 2025. *See* R. Doc. 22-8.[2]

On August 1, 2024, Plaintiff filed the instant suit against Benjamin, the Cottonport Bank Defendants, and the Government Defendants (collectively, "Defendants"). *See* R. Doc. 1. Plaintiff's Complaint alleges that Defendants' actions violated the Fourth and Fourteenth Amendments of the United States Constitution, 18 U.S.C. §§ 1344, 641, 655, and 656, and Louisiana Revised Statute § 14:71.1. *See id*. at 6.

[2] The Court takes judicial notice of the records from the 12th JDC and the Louisiana Third Circuit Court of Appeal as matters of public records attached to the Motion to Dismiss. *See Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x. 888 (5th Cir. 2020); *see also Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) ("A court is permitted … to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'") (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

## II. APPLICABLE LAW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "This requirement provides opposing parties 'fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). A court may rely on the complaint, its attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey*, 540 F.3d at 338 (quoting *Tellabs, Inc.*, 551 U.S. at 322). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *In re Katrina*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 569). As the United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted). This plausibility standard calls for enough facts "to raise a reasonable expectation that discovery will reveal evidence" to support the elements of the claim; however,

mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice. *Id.* (citation omitted).

"A court should not dismiss a complaint with properly pled factual allegations, even if it strikes [the court] that actual proof of those alleged facts is improbable." *Bazinet v. Beth Israel Lahey Healthy, Inc.*, 113 F.4th 9, 15 (5th Cir. 2024) (quoting *Twombly*, 550 U.S. at 556) (cleaned up). However, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The court, on a motion to dismiss for failure to state a claim, holds *pro se* plaintiffs to a more lenient standard than lawyers, but *pro se* plaintiffs must still plead factual allegations that raise the right to relief above the speculative level. *See Chhim v. U. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Twombly*, 550 U.S. at 555.

Ultimately, motions to dismiss under Rule 12(b)(6) "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005). As relevant here, "[a]lthough res judicata generally cannot be raised in a motion to dismiss and should instead 'be pleaded as an affirmative defense,' dismissal under Rule 12(b)(6) is appropriate if the res judicata bar is apparent from the complaint and judicially noticed facts and the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense." *Anderson*, 953 F.3d at 314 (citing *Test Masters Educ. Servs., Inc.*, 428 F.3d at 570 n.2).

## III. ANALYSIS

### a. Claims Against All Defendants

Plaintiff brings claims against Defendants for alleged violations of several criminal statutes including 18 U.S.C. §§ 1344, 641, 655, and 656. *See* R. Doc. 1 at 6. These claims are meritless and are dismissed.

"[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington,* 442 U.S. 560, 568 (1979) (quotation omitted). Instead, the statute must either explicitly create a right of action or implicitly contain one. *Id.* at 575. Without congressional intent to create a private cause of action, one does not exist, and courts may not create one, no matter how desirable or compatible with the statute. *Alexander v. Sandoval,* 532 U.S. 275, 286 (2001). The question of whether Congress intended to create a private right of action is "definitively answered in the negative where a statute by its terms grants no private rights to any identifiable class." *Gonzaga Univ. v. Doe,* 536 U.S. 273, 283–84 (2002) (internal quotations omitted).

Courts have held that there is no private right of action under 18 U.S.C. §§ 1344, 641, and 656. *See Thompson v. Wells Fargo Bank, N.A.*, No. 15-598, 2016 WL 164114, at *3 (S.D. Tex. Jan. 14, 2016), *aff'd*, 684 F. App'x 464 (5th Cir. 2017) (holding that federal criminal statutes such as 18 U.S.C. § 1344 "do not provide a private cause of action"); *see also Watson v. United States*, No. 07-326, 2009 WL 2601254, at *3 (S.D. Tex. Aug. 24, 2009) (finding no private cause of action under 18 U.S.C. § 1344);

*Pompura v. Paxton*, No. 16-1099, 2016 WL 11586260, at *3 (W.D. Tex. Sept. 30, 2016), *report and recommendation adopted*, No. 16-1099, 2016 WL 11586255 (W.D. Tex. Nov. 15, 2016) (holding that 18 U.S.C. § 641 does not create a private right of action); *Hill v. Colvin*, No. 14-354, 2016 WL 727177, at *8 (M.D. N.C. Feb. 23, 2016) (citing cases); *Perez v. Law Offices of D. Clunk, Co. L.P.A.*, No. 15-701, 2015 WL 4430350, at *9 (N.D. Ohio July 20, 2015) (citing cases); *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 954 (N.D. Tex. 2013) (holding that 18 U.S.C. § 656 does not create a private right of action) (citing *U.S. ex rel. Nagy v. Patton*, No. 11-267, 2012 WL 1858983, at *2 (E.D. Pa. May 22, 2012) (same)). Moreover, the question of whether congress intended to create a private right of action based on the language of 18 U.S.C. § 655 is "definitively answered in the negative." *See Gonzaga Univ.*, 536 U.S. at 283–84.

Plaintiff also brings claims against Defendants under Louisiana Revised Statute § 14:71.1 for bank fraud. *See* R. Doc. 1 at 6. While this is a state criminal statute, the Louisiana Supreme Court has held that bank fraud is a crime which may also constitute a tort. *Black v. First City Bank*, 642 So. 2d 151, 153 (La. 9/6/94) ("Criminal statutes may provide guidelines for civil tort liability.") (cleaned up); *see also Gugliuzza v. K.C.M.C., Inc.*, 606 So. 2d 790, 793 (La. 1992) ("Criminal statutes are not, in and of themselves, definitive of civil liability and do not set the rule for civil liability; but they may be guidelines for the court in fixing civil liability.") (citation omitted). So, unlike the federal criminal statutes, Plaintiff's claims are not dismissed solely on the basis that they were brought under a state criminal statute. But to survive a motion to dismiss for failure to state a claim, Plaintiff must do more

than assert conclusory allegations or legal conclusions that masquerade as factual conclusions. *See Fernandez–Montes v. Allied Pilot Assoc.,* 987 F.2d 278, 284 (5th Cir. 1993). We find that Plaintiff has not done so as his Complaint and oppositions are rife with them.

For instance, Plaintiff refers to Hayes as a "crooked bank teller," and he states that Hayes "should have known that this will catch up with her one day knowing this was unlawful." *See* R. Doc. 1 at 11–12. He states that Benjamin is "liable for the [treacherous] scheming of" Plaintiff, and that she "should have went to jail." *See id.* at 13. He states that Benjamin "wasn't crying when she was taking [Plaintiff's] money out of his bank [A]ccount with the help of the fake crook bank teller [Hayes] for years." *See* R. Doc. 34 at 1. He claims that Guilbeau gave false statements to the grand jury and that he "must be retarded mentally." *See* R. Doc. 1 at 11. He also claims that "[a]ll defendants[,] … especially [Hayes and Benjamin,] should have been thrown in federal prison for bank fraud." *See* R. Doc. 29 at 2. So, because Plaintiff's claims are insufficient as they are nothing more than conclusory allegations and legal conclusions, his claims under Louisiana Revised Statute § 14:71.1 are dismissed for failure to state a claim.

However, even if Plaintiff's Complaint adequately pled facts, his claims are prescribed. In Louisiana, the prescriptive period for state law tort claims arising before July 1, 2024, is one year.[3] Prescription commences to run from the day injury

[3] *See* La. Civ. Code art. 3492. Repealed by Acts 2024, No. 423, § 2, eff. July 1, 2024. The Louisiana legislature repealed the former one-year prescriptive period for delictual actions and replaced it with a two-year period found in La. Civ. Code art. 3493.1. However, the two-year period is prospective only, from the effective date of July 1, 2024.

or damage is sustained. *See* La. Civ. Code art. 3492. Repealed by Acts 2024, No. 423, § 2, eff. July 1, 2024. While the burden of pleading prescription is normally on the party pleading prescription, if it appears from the face of the complaint that prescription has run, it is the plaintiff's burden to establish that prescription was suspended or interrupted. *In re Taxotere (Docetaxel) Products Liab. Litig.*, 995 F.3d 384, 389 (5th Cir. 2021); *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 517 (5th Cir. 2009).

Here, as pointed out by the Cottonport Bank Defendants, Plaintiff's claims all arise from an alleged scheme to defraud him and his business between 2014 and 2022. *See* R. Doc. 22-3 at 7. Thus, Plaintiff's claims arose, at the latest, in 2022. But, Plaintiff did not file suit in this Court until August 1, 2024. *See* R. Doc. 1. As such, Plaintiff's tort claim is prescribed on its face, and to survive dismissal of this claim, he must make a showing that prescription was suspended or interrupted. *In re Taxotere*, 995 F.3d at 389. Prescription is interrupted by the commencement of suit against the obligor in a court of competent jurisdiction and venue. La. Civ. Code art. 3462. The interruption of prescription by suit against one solidary obligor is effective as to all solidary obligors. La. Civ. Code arts. 1799 and 3503.

Here, he made a timely claim against the Cottonport Bank Defendants by filing suit in the 12th JDC in 2022, where they were found not liable. *See* R. Doc. 22-5. And, when there is no liability on the part of the timely sued alleged tortfeasor, prescription is not interrupted against another tortfeasor who is not timely sued, since no joint or solidary obligation exists. *Renfroe v. State, Dept. of Transportation*

*and Development*, 809 So. 2d 947, 950 (La. 2/26/02); *Hines v. Browning-Ferris, Inc.*, 73 So. 3d 479, 482 (La. App. 2 Cir. 9/21/11). Accordingly, since the Cottonport Bank Defendants prevailed in the suit filed at the 12th JDC, Plaintiff's claim based on bank fraud against Benjamin and the Government Defendants under Louisiana Revised Statute § 14:71.1 is prescribed and, therefore, is dismissed.[4]

**b. Claims Against the Cottonport Bank Defendants and Benjamin**

Plaintiff also purportedly brings claims against the Cottonport Bank Defendants and Benjamin for violations of his due process rights and equal protection under the Fourth and Fourteenth Amendments of the United States Constitution. *See* R. Doc. 1 at 6. However, the Cottonport Bank Defendants and Benjamin are nongovernmental private defendants, and the Fourth and Fourteenth Amendments can only be violated by conduct that may be fairly characterized as "state action." *See Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 747 (5th Cir. 2001); *see also Daniel v. Ferguson*, 839 F.2d 1124, 1129 (5th Cir. 1988). In this case, Plaintiff made no allegations that the conduct of the Cottonport Bank Defendants and Benjamin constitute state action, or that "such a close nexus between the State and the challenged action" exists "that seemingly private behavior may be fairly treated as that of the State itself." *See Brentwood Acad. v. Tennessee Secondary Sch. Athletic*

[4] Although Benjamin and the Government Defendants did not affirmatively plead a limitations defense, a district court is authorized to dismiss a case (even *sua sponte*) when "it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations." *Jones v. City of Monroe*, No. 19-832, 2019 WL 5488603, at *6 (W.D. La. Oct. 8, 2019), *report and recommendation adopted*, No. 19-832, 2019 WL 5491922 (W.D. La. Oct. 24, 2019) (citing *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (citation and footnote omitted)).

*Assoc.,* 531 U.S. 288, 295 (2001) (internal quotation omitted). Thus, these claims are dismissed.

**c. Claims Against the Cottonport Bank Defendants**

Even if Plaintiff's claims against the Cottonport Defendants are not subject to dismissal for the reasons above, the Cottonport Bank Defendants assert that Plaintiff's claims are barred by res judicata. *See* R. Doc. 22-3 at 3–6. Specifically, they argue that Plaintiff filed a prior suit against them in the 12th JDC, which was subsequently dismissed on appeal. *See id.* at 5–6. As a result, they assert that Plaintiff is precluded from bringing the same claims against them. *See id.*

"The rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Test Masters Educ. Servs., Inc.*, 428 F.3d at 571. The claims against the Cottonport Bank Defendants involve only the former. "Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Id.*

Louisiana law applies to determine whether the Louisiana state court judgment in Plaintiff's suit has preclusive effect in federal court. *See Lafreniere Park Found. v. Broussard*, 221 F.3d 804, 808 (5th Cir. 2000) ("To determine the preclusive effect of a prior Louisiana court judgment, if any, this court must apply Louisiana law."); *Weaver v. Texas Cap. Bank N.A.*, 660 F.3d 900, 906 (5th Cir. 2011) (per curiam) (same). Louisiana's res judicata statute requires five elements: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of

action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. *See* La. Rev. Stat. § 13:4231.

Here, the Cottonport Bank Defendants have attached copies of Plaintiff's State Court Petition, *see* R. Doc. 22-4, the judgment from the 12th JDC, *see* R. Doc. 22-5, Plaintiff's Notice of Appeal of the judgment, *see* R. Doc. 22-6, Plaintiff's motion to voluntarily dismiss the appeal, *see* R. Doc. 22-7, and the Third Circuit's order dismissing the appeal, *see* R. Doc. 22-8. The first element is met as the 12th JDC is a state court with general jurisdiction where the events allegedly occurred. The second and third elements are met as the 12th JDC dismissed Plaintiff's claims with prejudice against the same Cottonport Bank Defendants as this action for failing to state a cause of action, *see* R. Doc. 22-5 at 3, and the Third Circuit dismissed Plaintiff's appeal of the judgment, *see* R. Doc. 22-8. Finally, a plain reading of Plaintiff's state court petition and his Complaint in this Court, the allegations are the same, and thus, the fourth and fifth elements are met because the causes of action existed at the time of the first judgment and arose out of the same transaction or occurrence. Accordingly, Plaintiff's claims against the Cottonport Bank Defendants are dismissed because they are barred by res judicata.

**d. Claims Against the Government Defendants**[5]

Lastly, Plaintiff asserts claims under the Fourth and Fourteenth Amendments against the Government Defendants. *See* R. Doc. 1 at 6. Plaintiff cites *Graham v. D.A. for Hampden Dist.*, 225 N.E.3d 245 (Mass. 2024), a Massachusetts Supreme Court case, as the basis for which his claims against the Government Defendants are based. *See id*. But this case is inapposite because when claims arise under federal law—as these do—we apply federal law. Nonetheless, *Graham* does not support the proposition for which Plaintiff cites it, and the facts alleged in the Complaint fail to state a claim upon which relief can be granted. Accordingly, Plaintiff's claims against the Government Defendants are dismissed.

**IV. <u>CONCLUSION</u>**

For the reasons set forth herein,

**IT IS ORDERED** that Defendants' Motions to Dismiss (R. Docs. 19, 22 & 25) are **GRANTED**, and Benjamin's Motion to Join (R. Doc. 30) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** this 21st day of September, 2026.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

[5] After the Government Defendants filed their Motion, Benjamin filed a "Motion to Join" their Motion to Dismiss, *see* R. Doc. 30, seeking dismissal for the same reasons stated by them. However, Benjamin's Motion failed to state with particularity the grounds for seeking to join the Government Defendants' Motion as required by Federal Rule of Civil Procedure 7(b), so her Motion to Join is denied.